# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JEFFREY CAMPBELL,**

　　**Plaintiff,**

　　　　　　　　　　　　　　　　　　　**CASE NO.:**

v.

**NATIONAL FLOOD EXPERTS, LLC,**

　　**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jeffrey Campbell, by and through his undersigned counsel, brings this Complaint against Defendant, National Flood Experts, LLC, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), the Florida Civil Rights Act, ("FCRA"), § 760.01 et seq., Fla. Stat., and for breach of contract and unpaid wages under Florida common law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Hillsborough County.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates an engineering firm in Tampa, in Hillsborough County, Florida.

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff's race is African-American (black) and, as such, is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendants are considered an "employer" prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendants otherwise enjoy, regardless of the employee's race and/or color.

12. Defendant was also Plaintiff's "employer" as defined by the FCRA. Defendant is owned by the same principal, Bradley Hubbard, ("Hubbard"), who also owns and maintains another entity, Service Hub Insurance, LLC, that operates from the same location as Defendant such that they are the single employer of Plaintiff due to the interrelations of operations, centralized control of labor relations, common management and common ownership or financial

control. Therefore, Defendant has employed fifteen (15) or more employees as required by the FCRA.

13. Plaintiff was an "employee" with the meaning of the FCRA.

14. At the time of his termination, Plaintiff was a fifty-four (54) year old African-American male and as such, is a member of a protected class of persons under the FCRA.

## FACTS

15. Plaintiff began working for Defendant as a National Account Executive starting in June 2019, and he worked in this capacity until February 2021.

16. Plaintiff was the only African-American male in the office and was also the oldest employee in his office.

17. Defendant treated differently by his supervisor.

18. This supervisor was not the supervisor that hired Plaintiff in June 2019.

19. By way of example and not limitation, Plaintiff had to wait longer than other account executives to have necessary data information transmitted to him and was delayed by insufficient technology issues that were not addressed until December 2020.

20. In August 2020, Plaintiff was waiting on a field survey to be completed and of all the properties surveyed, his was the only survey not completed. When Plaintiff asked Defendant's owner, Brad Hubbard ("Hubbard"),

if that had ever happened before, Hubbard replied, "Not in the history of the company."

21. Plaintiff complained to Hubbard that he was being treated differently compared to the rest of his co-workers.

22. In or about August 2020, Plaintiff was forced to wait ten days out of a twenty day sales cycle, thus giving him only ten days to close sales where other account executives received their data in 3-4 days thus giving them more time to close their sales.

23. Plaintiff complained about this instance in August to the Sales Director, DJ McClure ("McClure").

24. Again, in or about September 2020, Plaintiff had to wait another ten days to get his field surveys of two properties completed.

25. Plaintiff complained about this instance in September to McClure, Hubbard, and the Operations Manager, Gerry.

26. Another example was a deal in which the Plaintiff represented the one client and his supervisor represented another. The Defendant chose to sell to supervisor's client which cost the Defendant additional monies that Plaintiff could have sold to his client at a higher price. This situation led to the Plaintiff losing his deal entirely, the supervisor getting his deal, and the Defendant overall losing money by not going with Plaintiff's deal.

27. Plaintiff was issued a refurbished laptop in November 2020 instead of a new laptop as other new hires were provided. Plaintiff was later issued a new

laptop but it had data storage limitations forcing Plaintiff to create work-arounds. It was not addressed by Defendant until December 2020.

28. Plaintiff also was left out of payment for generating online reviews during December. All other employees received their payments, except Plaintiff. Plaintiff complained to Defendant about the ongoing discrimination again in mid-January 2021.

29. Defendant failed to take any remedial action whatsoever.

30. Shortly thereafter Defendant falsely accused Plaintiff of "threatening a client."

31. However, Plaintiff only sent one of Defendant's form letters which another employee had previously used and was available in a shared documents folder. The Defendant's form letter advised the client that it was late on payment and what the Defendant's policies were for turning such late accounts over to collections.

32. Other employees have sent the same letter without repercussions.

33. On February 2, 2021, Defendant terminated Plaintiff in retaliation for engaging in protected activity.

34. In June 2019, Plaintiff was retained by Defendant pursuant to the employment agreement ("Agreement").

35. In particular, the Agreement provides that Defendant will pay Plaintiff based upon a commission structure.

36. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a monthly salary of commissions one month in arrears.

37. Defendant failed to pay Plaintiff his commissions.

38. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including approximately $60,000 in commissions and unpaid wages.

39. Plaintiff's unpaid commissions constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

40. Defendant's failure to pay Plaintiff all of Plaintiff's wages, including commissions, was willful, because Defendant intentionally withheld Plaintiff's commissions in order to retain those commissions for Defendant's benefits.

## COUNT I – 42 U.S.C. § 1981 VIOLATION

## (RACE DISCRIMINATION)

41. Plaintiff re-alleges and readopts the allegations of Paragraphs 1-11 and 15-34 of this Complaint, as though fully set forth herein.

42. Plaintiff is a member of a protected class of persons under Section 1981.

43. Plaintiff was subjected to disparate treatment by Defendants, based solely on Plaintiff's race.

44. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

45. Defendants' actions were willful and done with malice.

46. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

47. Plaintiff was injured due to Defendants' violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendants, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION

## (RETALIATION)

48. Plaintiff realleges and readopts the allegations of Paragraphs 1-11 and 15-34 of this Complaint, as though fully set forth herein.

49. Plaintiff is a member of a protected class of persons under Section 1981.

50. By complaining about the racial discrimination he experienced at work, Plaintiff engaged in protected activity under Section 1981.

51. Defendants retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

52. Defendants' actions were willful and done with malice.

53. Defendants' retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

54. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

55. Plaintiff was injured due to Defendants' violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendants, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III– FCRA VIOLATION
## (AGE/RACE DISCRIMINATION)

56. Plaintiff realleges and readopts the allegations of Paragraphs 1-8 and 12-34 of this Complaint as though fully set forth herein.

57. Plaintiff is a member of a protected class under the FCRA.

58. Plaintiff was subjected to disparate treatment based on Plaintiff's age and race.

59. Defendant's actions were willful and done with malice.

60. Plaintiff was injured due to Defendant's violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT IV— FCRA VIOLATION
## (RETALIATION)

36. Plaintiff re-alleges and re-adopts the allegations set forth in Paragraphs 1-8 and 12-34 of this Complaint as though fully set forth herein.

37. The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of the FCRA.

38. Defendant's actions were willful and done with malice.

39. The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and/or harassment.

40. Plaintiff was injured due to Defendant's violations of the FCRA, including but not limited to losing his job, to which Plaintiff is entitled to legal and injunctive relief.

    **WHEREFORE**, Plaintiff demands:

       (a) An injunction restraining continued violation of the FCRA;

       (b) Compensation for lost wages, benefits, and other remuneration;

       (c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

       (d) Compensatory damages, including emotional distress, allowable at law;

       (e) Punitive damages;

       (f) Prejudgment interest on all monetary recovery obtained;

       (g) All costs and attorney's fees incurred in prosecuting these claims; and

       (h) For such further relief as the Court deems just and equitable.

## **COUNT V – BREACH OF CONTRACT UNDER FLORIDA COMMON LAW**

61. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15, and 35-41 of this Complaint, as though fully set forth herein.

62. Defendant did not pay Plaintiff his commissions, which was required under the contractual agreement executed by Plaintiff and Defendant.

63. Defendant's failure to pay Plaintiff his commissions constitutes a breach of contract.

64. As soon as Defendant received the benefit of Plaintiff's work, Defendant's contractual duty to pay Plaintiff his commissions became absolute, and had to be discharged by Defendant in order to avoid a breach of the contract.

65. As a result of Defendant's breach, Plaintiff suffered damages that were foreseeable at the time that the parties entered into the Agreement, including but not limited to lost wages and benefits that Plaintiff would have earned under the Agreement.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;
b) That process issue, and that this Court take jurisdiction over the case;
c) That this Court award Plaintiff damages for breach of contract;
d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;
e) For such further relief as this Court deems just.

## COUNT VI – UNPAID WAGES UNDER FLORIDA COMMON LAW

66. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15, and 35-41 of this Complaint, as though fully set forth herein.

67. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for his services.

68. Defendant failed to pay Plaintiff all "wages" owed to Plaintiff, including his commissions.

69. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 12th day of January, 2022.

                          Respectfully submitted,

                          */s/ Brandon J. Hill*
                          **BRANDON J. HILL**
                          Florida Bar Number: 0037061
                          Direct Dial: 813-337-7992
                          **AMANDA E. HEYSTEK**
                          Florida Bar Number: 0285020

                                    Direct Dial: 813-379-2560
                                    **WENZEL FENTON CABASSA, P.A.**
                                    1110 N. Florida Avenue, Suite 300
                                    Tampa, Florida 33602
                                    Main Number: 813-224-0431
                                    Facsimile: 813-229-8712
                                    Email: bhill@wfclaw.com
                                    Email: aheystek@wfclaw.com
                                    Email: aketelsen@wfclaw.com
                                    **Attorneys for Plaintiff**